HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEVIN E. KULLMAN, and SHEENA KULLMAN,<br><br>                      Plaintiffs,<br><br>     v.<br><br>NORTHWEST TRUSTEE SERVICES, INC., et al.,<br><br>                      Defendants. | No.12-cv-5852-RBL<br><br>ORDER<br><br>(Dkt. #9, 13, 14, 18, 22) |

       This case arises out of the foreclosure of Plaintiffs' residential property.  Before the Court is Plaintiffs' Motion to Remand (Dkt. #18), Defendant Northwest Trustee Service's Motions to Dismiss (Dkt. #9, 13), and Defendants Bank of America and Mortgage Electronic Registration Systems, Inc.'s Motion to Dissolve a state-court temporary restraining order preventing the foreclosure sale (Dkt. #14) and Motion to Dismiss (Dkt. #22).

### I.    BACKGROUND

       In 2009, Plaintiffs borrowed $304, 662 to purchase residential property, executing both a promissory note and deed of trust in the process.  (Pl.'s Resp., Ex. A & B, Dkt. #17.)  The note lists South Pacific Financial Corporation as the lender; the deed lists The Talon Group as the original trustee.  South Pacific later endorsed the note to Bank of America, which then endorsed the note in blank.  (*Id.*, Ex. A.)  Plaintiffs do not dispute that they made payments to Bank of America, and they admit defaulting on the note.  (*Id.* at 4.)

The deed listed MERS as the nominee for the beneficiary.  Following default, MERS assigned its interest in the note to BAC Home Loans Servicing, L.P. (a subsidiary of Bank of America), which appointed Northwest Trustee Services, Inc. as the successor trustee.  (Pl.'s Resp., Ex. G (assignment of deed of trust); Def.'s Mot. to Dismiss, Ex. F, Dkt. #13 (appointment of successor trustee).)  Northwest Trustee then initiated foreclosure proceedings.

Plaintiffs argue that Bank of America "became beneficiary by virtue of the Assignment of the Deed of Trust executed by MERS." (Pl.'s Resp. at 4).  But, "these documents have been proven to be defective in form and substance" because the Washington Supreme Court ruled that MERS cannot serve as nominee for the beneficiary.  (*Id.*)  Thus, according to Plaintiffs, Northwest Trustee was improperly appointed and the foreclosure was procedurally improper.

Further, Plaintiffs allege that they sought a loan modification from Bank of America.  They were informed that borrowers who were current on their loans were ineligible for loan modifications; only borrowers who had missed three payments could be considered.  (Am. Compl. ¶ 4, Dkt. #10.)  Plaintiffs elected to stop making payments in order to seek a loan modification.  (*Id.* ¶ 5.)  Bank of America rejected their application.  (*Id.*)

Notably, Plaintiffs filed for bankruptcy in 2010 and listed their debt to Bank of America on their petition.  (Am. Compl. ¶ 7.)  Plaintiffs did not list any claims against Bank of America in the bankruptcy schedules.  (Def.'s Mot. to Dismiss at 6, Dkt. #22.)

## II.   MOTION TO REMAND

Plaintiffs move to remand because Defendants are not completely diverse, because the Notice of Removal failed to join all defendants, and because state-law issues predominate.  Defendants respond that jurisdiction is not based on diversity but upon this Court's original jurisdiction over Plaintiffs' federal-law claim (under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*).  Further, Defendants Bank of America and Mortgage Electronic Registration Systems consented to removal within thirty-days of the filing of the Notice of Removal, and impliedly consented by appearing and filing a motion.

The Court denies the Motion to Remand.

### III.   MOTION TO DISMISS

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Although the Court must accept as true a complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted).  This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly* ).

Plaintiffs' claims fail as a matter of law.  Although the Washington State Supreme Court has ruled that MERS cannot serve as beneficiary (unless, of course, it actually holds a promissory note), the court did not rule that MERS's involvement renders a foreclosure *per se* invalid. *See Bain v. Metropolitan Mortg. Group., Inc.*, 175 Wash. 2d 83 (2012).  Further, Plaintiffs have failed to allege any prejudice arising from MERS's role in the foreclosure. Plaintiffs admit default and seek to generate controversy where none exists.

Plaintiffs' claims for fraud and violation of the Washington Consumer Protection Act, Wash. Rev. Code § 19.86, likewise fail.  The Amended Complaint alleges that Bank of America informed them that they were ineligible for a loan modification unless they were three payments behind.  Plaintiffs elected to stop paying.  The Complaint makes clear that Bank of America

reviewed their application for a loan modification, but rejected it. There is nothing improper alleged.

The Amended Complaint contains a number of additional legal claims, each lacking factual support. The claims fail to warrant additional expenditure of time. Plaintiffs' financial situation is unfortunate, but it is clear from the Amended Complaint that Defendants properly initiated foreclosure.

### IV. CONCLUSION

Plaintiffs' Motion to Remand (Dkt. #18) is **DENIED**. Defendants' motion to dismiss (Dkts. #9, 13, 22) are **GRANTED**. Given the foregoing, Defendant Bank of America's Motion to Dissolve Temporary Restraining Order (Dkt. #14) is **GRANTED**.

Dated this 26th day of November 2012.

Ronald B. Leighton
United States District Judge